**MABEL H. WADE, a spinster, v. BESS WELLS JANNEY**

9 So. (2nd) 715             En Banc

July 31, 1942        Rehearing Denied October 13, 1942

Frank F. L'Engle, for appellant.

C. B. Peeler, for appellee.

BUFORD, J.:

We are asked to review on this appeal an order appointing a curator of the person and estate of Mabel H. Wade, a spinster.

The only authority for such proceedings is found in Chapter 17976, Acts of 1937, Section 1 of which Act is as follows:

"1. Whenever, hereafter, any person permanently or temporarily residing in this State shall become

physically incapacitated or feeble-minded or epileptic or so mentally or physically defective by reason of age, sickness, use of drugs, the excessive use of alcohol, or for other causes that he or she is unable to take care of his or her property, and in consequence, thereof, is liable to dissipate or lose the same, or to become the victim of designing persons, it shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, and in case there be no such relatives in the Judicial Circuit where the person to be cared for resides, then the Sheriff of the County where the person to be cared for resides to present to a Judge of the Circuit Court sitting in Chancery, of the County in which said person to be cared for resides, his or her petition under oath, setting forth the facts, naming all members of the family known to such petitioner, together with their addresses, if known, praying the Court to adjudge such person to be unable to take care of his or her property, and to appoint a curator for the estate of such person."

This Act sets up statutory procedure and is too elementary to require citation of authority that in such case the statute must be strictly followed, or else the proceedings will be of no avail.

As is seen from the part of the Act quoted, supra, it provides:

"It shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, and in case there be no such relatives in the Judicial Circuit where the person to be cared for resides, then the Sheriff of the County where the person to be cared for resides to present to a Judge of the Circuit Court, sitting in chancery, of the county in which said person

to be cared for resides, his or her petition under oath
. . ."

In the instant case the petition was filed by the
alleged next of kin, whose residence was shown by the
petition to be "3036 63 Avt. SW., Seattle, Washington,
U.S.A." which is not in the judicial Circuit where the
person to be cared for resides.

It therefore follows that the jurisdiction of the
Court could have been invoked in this behalf only by
the Sheriff of Duval County.

Motion to dismiss the petition on the ground above
stated was timely interposed and should have been
granted.

Therefore, the order and decree appealed from is
reversed with directions that the petition be dismissed.

So ordered.

WHITFIELD, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., TERRELL and CHAPMAN, JJ.,
dissent.